13 of the Penal Code. See Jones v. State, 132 Tex.Cr.R. 445, 104 S.W.2d 871.

It is further worthy of note that this charged offense is recited as having taken place on November 1, 1940; appellant was tried and convicted on the 18th day of March, 1941; his motion for a new trial overruled and sentence pronounced on April 1, 1941. We also note that the amending statute of the 47th Legislature took effect on June 17, 1941. It is also seen that such last named act bears in its caption that such is an act to amend Art. 802, P.C., etc. There was no new offense denounced therein, but practically the same idea is therein contained as was present in Art. 802, with a change in the penalty for the first offense, and providing for a more onerous penalty for the second infraction thereof.

Under the pleading and proof herein appellant, if convicted under the act of the 47th Legislature, would suffer a more severe penalty than the one provided for at the time of his trial.

We are not in accord with the contention that the new law operated as a discharge of all those charged under the statute known as old Art. 802, in force at the time of the commission of the alleged offense, as well as at the time of the trial herein. See Art. 15, P.C., and Hubbard v. State, 109 Tex.Cr.R. 320, 4 S.W.2d 971, 972; Franklin v. State, 119 Tex.Cr.R. 414, 44 S.W.2d 996; Sharp v. State, 130 Tex. Cr.R. 366, 94 S.W.2d 177; Simms v. State, 8 Tex.App. 230; Myers v. State, 8 Tex. App. 321.

We have also carefully considered all bills not herein written upon, and failing to see any error evidenced therein, they are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, Presiding Judge.

In appellant's motion for rehearing he questions the conclusions reached regarding the bills of exception which were discussed. They have been re-examined, and in our judgment they were properly disposed of in our original opinion.

Also in said motion appellant calls attention particularly to bills of exception numbers fifteen and sixteen. He seems to think these bills reflect a comment by the trial court on the weight of the evidence.

We gather from said bills that in the cross-examination of a witness for appellant the State was seeking to either draw from the witness an admission that he had made statements contradictory to his evidence on the trial, or to lay a predicate for his impeachment if he denied having made the statement attributed to him. The bills reflect that the trial court experienced some difficulty in securing a direct answer from the witness, but we discern nothing which can be construed as a comment on the evidence by the court. The bills reflect that the court told the witness he must answer the question, but would be given opportunity to make any explanation he desired. His evidence as found in the statement of facts reflects that he did explain his apparent contradictory admissions. Said bills fifteen and sixteen do not reflect error.

The motion for rehearing is overruled.

## LEWIS v. STATE.
### No. 21731.

Court of Criminal Appeals of Texas.

Nov. 12, 1941.

J. M. Woods, of San Antonio, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the district court of Bexar County on a charge of negligent homicide and his punishment as-

sessed at five days in the county jail, together with a fine of $50.

The procedure appears to be regular. No statement of facts or bills of exception are presented and there is nothing for this court to review.

The judgment of the trial court is affirmed.